The Honorable Grady P. Arrington State Representative Division of Legislative Audit State Capitol, Room 172 Little Rock, AR 72201
Dear Representative Arrington:
This is in response to your request for an opinion on the following questions:
1. When a school district hires a teacher or teachers in the summer to tutor eighth grade students who have failed the basic competency test, must the school district compute the teachers' pay in accordance with Ark. Code Ann. 6-17-807 or may the school district negotiate a separate contract at a salary to be negotiated between the teachers and the school district?
2. If a school district offers optional summer school programs in accordance with the provisions of Ark. Code Ann. 6-16-701 and6-16-702, may the teachers' salaries be negotiated, or are the salaries subject to the provisions of 6-17-807?
It is my opinion that A.C.A. 6-17-807 (Supp. 1989) is inapplicable in both of these situations. Thus, in response to your specific questions, the salaries for supplemental instruction (A.C.A. 6-15-409) and for optional summer courses (A.C.A. 6-16-701 to -702 (Supp. 1989)) may, in my opinion, be negotiated rather than computed in accordance with 6-17-807.
Section 6-17-807 (Supp. 1989) is the codification of Act 712 of 1989, which is entitled "An Act to Provide for Payment of Days Added to a Teacher's Contract and Additional Days Teachers are Required to Work." Section 1 of Act 712 (A.C.A. 6-17-807 (Supp. 1989)) states:
 If additional days are added to a teacher's contract or if the teacher is required to work more days than provided for under the teacher's contract, then the teacher's pay under the contract shall be increased proportionately so that the teacher will receive pay for each day added to the contract or each additional day the teacher is required to work at no less than the daily rate paid to the teacher under the teacher's contract.
It is unclear to which "contract" the above section refers. The emergency clause may, however, be resorted to as a means of resolving the ambiguity. See generally Farm Bureau Mut. Ins. Co. of Ark. v. Wright, 285 Ark. 228, 686 S.W.2d 778 (1985). The emergency clause contained in Act 712 of 1989 states in pertinent part:
 It is hereby found and determined by the General Assembly of the State of Arkansas that school districts in this state are increasing teacher contract days from one school year to the next with no guarantee to the teacher of a daily prorata increase in pay based on the salary schedule of the district for the next school year; that districts are requiring to make decisions regarding continued employment of teachers by May 1; and that teachers will not be adequately compensated for the 1989-90 school year and thereafter so that immediate implementation of this Act is necessary. . . . [Emphasis added.]
Act 1989, No. 712 4.
It is thus clear that the legislature, in passing Act 712, was focusing upon the contract for the regular "school year". This contract is automatically renewed on May 1. See A.C.A. 6-17-1506. Act 712 is therefore addressed to the problem posed when a district adds days from one contract period to another, either within the regular contract period or from one year to the next. Section 1 of Act 712 (A.C.A. 6-17-807 (Supp. 1989)) should, in my opinion, be construed to refer to the contract for the regular teaching year, and days added to or work required under that contract. It may reasonably be concluded that this does not include days worked during the summer, either in connection with supplemental instruction for the basic competency test or optional summer school programs.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.